2015 PA Super 107

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHN MICHAEL PERZEL | |
| Appellant | No. 1382 MDA 2014 |

Appeal from the PCRA Order of July 16, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0002589-2010

BEFORE:  SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

OPINION BY WECHT, J.:                                    **FILED MAY 04, 2015**

John Michael Perzel appeals from the order of July 16, 2014, dismissing his first, counseled petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

In 2009, Perzel and nine others were charged following allegations of use of public funds, government staff, equipment, and facilities to pay for and to perform campaign activities.  On August 31, 2011, Perzel entered a guilty plea to two counts each of restricted activities—conflict of interest, conspiracy—restricted activities—conflict of interest, and theft by failure to make required disposition of funds.[1]  On March 21, 2012, Perzel was

---

[*]  Retired Senior Judge assigned to the Superior Court.

[1]  ***See*** 65 Pa.C.S.A. § 1103(a); 18 Pa.C.S.A. §§ 903 and 3927(a), respectively.

sentenced to an aggregate term of incarceration of not less than two and a half nor more than five years' incarceration in a state correctional institution, plus $30,000 in fines and $1,000,000 in restitution. Perzel did not file a direct appeal.

On March 21, 2013, Perzel timely filed the underlying *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition. On June 23, 2014, the PCRA court issued a memorandum opinion as notice of its intent to dismiss Perzel's petition without a hearing pursuant to Pa.R.Crim.P. 907, and entered its final order dismissing the petition on July 16, 2014. Perzel timely appealed, and pursuant to the PCRA court's order, filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on September 19, 2014.

Perzel raises two questions for our review:

I.    Whether the [c]ourt erred in sentencing [Perzel] to pay restitution to the Commonwealth, since the Commonwealth cannot be a victim for purposes of restitution[?]

II.    Whether trial counsel was ineffective for failing to raise this issue at the time of sentencing[?]

Perzel's Brief at 3.

"Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in

- 2 -

the certified record." ***Commonwealth v. Moss***, 871 A.2d 853, 855 (Pa. Super. 2005) (citations omitted).

Because Perzel's allegations of ineffective assistance of trial counsel and underlying trial court error are intertwined, we will discuss them together. The governing legal standard of review of ineffective assistance of counsel claims is well-settled:

> [C]ounsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. ***Strickland v. Washington***, 466 U.S. 668 (1984). This Court has described the ***Strickland*** standard as tripartite by dividing the performance element into two distinct components. ***Commonwealth v. Pierce***, 527 A.2d 973, 975 (Pa. 1987). Accordingly, to prove [plea] counsel ineffective, the petitioner must demonstrate that: (1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission. ***Id.*** A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs.

***Commonwealth v. Busanet***, 54 A.3d 35, 45 (Pa. 2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the [***Pierce***] test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa. Super. 2009).

Here, Perzel argues that the PCRA court erred in denying his ineffective assistance of counsel claim because he believes that his

underlying claim, that the Commonwealth cannot be a victim for purposes of ordering restitution, has arguable merit. Perzel's Brief at 6. We disagree.[2]

**§ 1106. Restitution for injuries to person or property.**

**(a) General rule.**—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S.A. § 1106(a).

In the instant case, the PCRA court reviewed the line of cases from *Commonwealth v. Runion*, 662 A.2d 617 (Pa. 1995), specifically *Commonwealth v. Brown*, 981 A.2d 893 (Pa. 2009), *Commonwealth v. Figueroa*, 691 A.2d 487 (Pa. Super. 2007), and *Commonwealth v. Boyd*, 835 A.2d 812 (Pa. Super. 2003), to illustrate the definition of "victim" for purposes of imposing restitution under 18 Pa.C.S.A. § 1106, as revised in 1995 and 1998. *See* PCRA Court Opinion ("P.C.O."), 7/16/2014, at 5-8.

As explained in *Brown*, the revisions "broadened the class of those entities eligible to receive restitution." *Brown*, 981 A.2d at 899-900. Thus, the statute as revised and applied in case law distinguishes between

---

[2] Perzel's allegation that the restitution order is illegal is a challenge to the legality of his sentence. *See Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa. Super. 2013). Although Perzel did not file a direct appeal, we observe that this did not operate as a waiver of his sentencing claim, because challenges to the legality of a sentence are never waived. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005).

circumstances in which an entity is seeking restitution for having been induced to provide compensation as a direct result of the defendant's criminal act, and circumstances in which the entity seeks restitution for more indirect costs. **Compare Runion**, 662 A.2d at 621 (pre-revision case inviting legislature to expand the meaning of the term "victim"), **and Figueroa**, 691 A.2d at 489 (no restitution to Department of Corrections to compensate for indirect expenses for medical treatment of victim of attack); **with Brown**, 981 A.2d at 902 (restitution to Medicare for payments made to victim of assault).

The PCRA court aptly observed that this line of cases consistently holds that the purpose of restitution is to provide rehabilitation and deterrence to "impress[] upon [a defendant] that his criminal conduct caused the victim's loss or personal injury and that it is his responsibility to repair the loss or injury as far as possible." P.C.O. at 5 (citing **Runion**, 662 A.2d at 621); **id.** at 8. This rationale again was affirmed in a recent challenge to a sentence of restitution to be paid to the Commonwealth, in which a panel of this Court held:

> We conclude that the Commonwealth can be a victim under [Section 1106]. As noted in **Brown**, the General Assembly intended to have the restitution statute serve as deterrence for criminals. It would therefore be contrary to the statute's purpose and the General Assembly's intent—not to mention common sense—to have a defendant directly steal from the Commonwealth . . . and not be liable for restitution. Limiting restitution sentences to instances where the Commonwealth only reimburses a third party victim would otherwise encourage criminals to steal from the Commonwealth. As the Court

expressed in **Brown**, to hold otherwise would place form over substance and ignore the realities and purpose of the statute. Therefore, we must conclude that the Commonwealth is a victim to which an order of restitution can be paid when the Commonwealth is the direct victim of a crime.

**Commonwealth v. Veon**, 2015 Pa. Super. Lexis 36, at *30-31 (Pa. Super. 2015).

In the instant case, it is clear that the Commonwealth was a direct victim of Perzel's abuse of public funds and facilities. P.C.O. at 8-9. Accordingly, the sentencing court did not err in ordering that Perzel pay restitution to the Commonwealth, which was entitled to compensation as a victim pursuant to 18 Pa.C.S.A. § 1106. **See Veon**, 2015 Pa. Super. Lexis 36, at *30-31.

Perzel's underlying claim lacks merit, and therefore, the record supports the PCRA court's conclusion that Perzel's ineffective assistance of counsel claim also must fail. **Busanet**, 54 A.3d at 45. The PCRA court did not err in dismissing Perzel's petition without a hearing, and Perzel is not entitled to relief on either issue presented.

Order affirmed.

Judge Shogan joins the opinion.

Judge Strassburger concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/4/2015</u>