J-S39025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DREW COLEMAN | |
| Appellant | No. 2739 EDA 2014 |

Appeal from the PCRA Order September 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0811271-2004

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED October 6, 2015**

Drew Coleman appeals, *pro se*, from the order entered on September 10, 2014, in the Court of Common Pleas of Philadelphia County, denying him relief on his second petition filed pursuant the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.   The PCRA court denied Coleman relief because the petition was patently untimely and Coleman had not demonstrated entitlement to any of the statutory exceptions.   On appeal, Coleman claims the PCRA court erred in not recognizing he presented a *prima facie* case that he was subject to a miscarriage of justice.   **See** Appellant's Brief at 1.   After a thorough review of Coleman's brief,[1] the certified record, and relevant law, we affirm on the sound analysis of

_____

[1] The Commonwealth did not file a brief.

October 6, 2014 opinion of the Honorable Jeffrey Minehart.[2]  Additionally, we decline to reconsider our Court's order of May 19, 2015 denying Coleman permission to file an extended brief.  However, we grant Coleman's application for relief and accept the filing of "Exhibit L", specifically an affidavit of Deirdre McPherson, dated May 18, 2015, purporting to provide newly discovered evidence in support of Coleman's claims.

On November 1, 2006, a jury found Coleman and co-defendant Bernard Kennedy, guilty of first-degree murder and conspiracy, regarding the April 12, 2003 shooting death of Justin Alls.  Alls was shot at least three times with a 9 mm gun; he was struck twice in the legs and once in the back of the head.  Coleman was sentenced on December 20, 2006.  The PCRA court recounts the filing and subsequent denial of relief of both the direct appeal and the first PCRA petition.  The PCRA court notes this PCRA petition was filed on February 4, 2014, almost five years after his sentence became final.  Judge Minehart reviewed Coleman's claims and the certified record before concluding Coleman's petition was untimely.

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

_____

[2] Coleman was tried before a jury and the Honorable Carolyn Engle Temin, who has since retired.

*Commonwealth v. Perzel*, 116 A.3d 670, 671 (Pa. Super. 2015) (citation omitted).

We have reviewed the certified record as well as the PCRA court's analysis. The factual record supports the PCRA court's conclusions and we find no abuse of discretion or error of law therein. Accordingly, we affirm the denial of relief on the basis of lack of jurisdiction due to the filing of an untimely petition. We direct the parties to attach a copy of Judge Minehart's October 6, 2014, Pa.R.A.P 1925(a) opinion in the event of further proceedings.

In addition to Judge Minehart's analysis, we write separately to confirm that Coleman is not entitled to a hearing on his claim of discovering exculpatory evidence from public records. These records include Philadelphia Fire Department dispatch times and 9-1-1 emergency call times. Coleman obtained these documents by filing Right-To-Know requests in 2013 and 2014. This information was available from 2003, the time of the murder. Coleman has provided no explanation why such information was unavailable to him or could not be obtained by him for 10 years. *See* 42 Pa.C.S. § 9545(b)(1)(ii),(2)

Additionally, Coleman's 140-page brief[3] contains 26 claims of error. However, this brief does not explain how the PCRA court erred in

---

[3] We noted above that Coleman repeatedly sought, and was denied, permission to file an extended brief. Nonetheless, Coleman filed a 140-page
*(Footnote Continued Next Page)*

determining his petition was untimely. Rather it simply reiterates his claims of trial court error (including police and prosecutorial misconduct and evidentiary errors), ineffective assistance of counsel, and the above mentioned newly discovered evidence.

Finally, we comment on Coleman's newly filed "Exhibit L". Affiant McPherson claims trial witness Sheila Holloway never spoke with Coleman on the night of the murder. McPherson knows this because she had spoken to Coleman that night, prior to his going to the bar where the murder took place, and she never saw the Holloway and Coleman converse. She also states, "At the time of the trial, someone did call me to testify about what I had seen the night of the shooting, but when I arrived at court, I was told that I was no longer needed. Therefore, I never testified." McPherson Affidavit, 5/18/2015, at 1.

Rather than constituting newly discovered evidence, McPherson's affidavit demonstrates her testimony was known at the time of trial and was not needed. Our review of witness Sheila Holloway's testimony of October 26, 2006 shows that Holloway testified in accordance with McPherson's affidavit. *See* N.T. Trial, 10/26/2006, at 177-181. Specifically, Holloway never testified she spoke with Coleman, but that McPherson was sitting on

*(Footnote Continued)* ─────────

brief, which is twice as long as he sought permission for. We do not condone Coleman ignoring the orders of this Court; however, in light of our disposition of this matter, and the fact that we do not address the substance of his claims, the length of his brief is immaterial.

Holloway's front porch and McPherson had spoken to Coleman. Accordingly, the McPherson affidavit does not represent newly discovered evidence that satisfied the PCRA exception to the time bar. 42 Pa.C.S. § 9545(b)(1)(ii), (2).

Order affirmed. Motion for reconsideration denied. Motion to supplement the record with "Exhibit L" is granted. Parties are directed to attach a copy of Judge Minehart's October 6, 2014 Pa.R.A.P. 1925(a) opinion in the event of further proceedings.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA          :
                                      :
                                      :
                                      :
                                      :
                    v.                :          CP-51-CR-0811271-2004
                                      :
                                      :
                                      :
                                      :
        DREW COLEMAN                   :
                                      :
                                      :

MEMORANDUM OPINION

MINEHART, J                                          October 6, 2014

## I.  PROCEDURAL HISTORY

On November 1, 2006, following a jury trial before the Honorable Carolyn E. Temin, Petitioner was found guilty of First Degree Murder and Conspiracy to Commit Murder.   On December 20, 2006, Petitioner received concurrent sentences of life imprisonment and six (6) to twelve (12) years' incarceration on the first-degree murder and conspiracy convictions respectively.  Petitioner appealed, and the Superior Court affirmed the judgment of sentence on July 30, 2008.  The Pennsylvania Supreme Court subsequently denied *allocatur* on December 31, 2008.

On March 4, 2010, Petitioner filed his first petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, (PCRA). which was dismissed on February 25, 2011. Petitioner appealed, and on February 23, 2012, the Superior Court affirmed the dismissal.  The Pennsylvania Supreme Court subsequently denied *allocatur* on August 7, 2012.

Petitioner filed the instant PCRA petition, his second, on February 4, 2014, and two supplemental petitions on March 18, 2014, and May 28, 2014. After conducting an extensive and exhaustive review of these filings, the record, and applicable case law, this Court determined that the instant petition was untimely filed and that none of the timeliness exceptions applied. Pursuant to Pa.R.Crim.P. 907, on August 5, 2014, this Court provided Petitioner with notice of its intent to dismiss his petition without a hearing, and subsequently dismissed the petition on September 10, 2014. Petitioner filed a notice of appeal from that order.

## II. DISCUSSION

Under the Post Conviction Relief Act (P.C.R.A.), a defendant has one year from the date a judgment becomes final to file a petition for collateral relief. 42 Pa.C.S. § 9545(b)(1). Because the P.C.R.A.'s filing time limit is jurisdictional, it is mandatory, and "a court has no authority to extend filing periods except as the statute permits." *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999). Thus, a P.C.R.A. petition filed more than a year after a judgment becomes final can only be considered if the petitioner pleads and proves one of the three enumerated statutory exceptions to the filing requirements:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Petitioners bear the burden of establishing that one of the

timeliness exceptions apply. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). Additionally, a petition invoking one or more of these exceptions must establish that it was filed within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Petitioner's judgment became final on March 31, 2009 – ninety days after the Pennsylvania Supreme Court denied *allocatur* on his direct appeal – when the time for filing a petition for a writ of *certiorari* to the United States Supreme Court expired.[1] As a result, Petitioner had until March 31, 2010, to file a timely P.C.R.A. petition. Because the instant petition was filed on February 4, 2014, it was clearly untimely, and could not be considered unless Petitioner pled and proved that one of the three timeliness exceptions applied to excuse the late filing of his most recent petition. Petitioner failed in this endeavor.

Petitioner's initial P.C.R.A. petition and two supplemental petitions contained twenty-six (26) claims and fourteen (14) exhibits. The claims can be classified into four categories: 1) allegations of police and prosecutorial misconduct; 2) allegations of ineffective assistance of counsel; 3) allegations that the trial court abused its discretion in admitting certain evidence at trial; and 4) alleged after-discovered evidence.

Petitioner – in his claims numbered 18-21 and 26 – attempted to invoke the after-discovered evidence exception enumerated at 42 Pa.C.S. § 9545 (b)(1)(ii). This exception requires a petitioner to establish two elements: 1) that the facts upon which the claim is predicated were previously unknown; and 2) that the facts could not have been previously ascertained by the exercise of due diligence. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007). If a petitioner alleges and proves these two elements, then, and only then, will this court have jurisdiction to hear the claim. *See id.*

---

[1] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 1113(a); U.S. Sup.Ct.R. 13.

The evidence proffered by Petitioner in support of his after-discovered evidence claims consisted of five exhibits: Three responses to Petitioner's "Right-to-Know Act" requests for call and activity logs pertaining to police and fire department activity on the date of the underlying crimes (Exhibits 1-3), one response to Petitioner's "Right-to-Know Act" request for the dates on which a particular Philadelphia Police Detective attended Petitioner's 2006 trial (Exhibit 14), and a document purporting to be a criminal background-check on one of the witnesses who testified at Petitioner's trial (Exhibit 4).

As an initial matter, the proffered evidence failed to prove any facts material to Petitioner's case. Though Petitioner repeatedly insisted that the police and fire department logs prove that witnesses at his trial perjured themselves, he failed to explain how or why this was the case. Additionally, Petitioner failed to explain the relevance of the alleged criminal record of a witness who testified at his trial, and perhaps most confusingly, Petitioner failed to even discuss why the dates on which a Philadelphia Police Detective attended Petitioner's criminal trial were relevant to his case.

Leaving aside issues of relevance, Petitioner's after-discovered evidence claims failed to establish that the information was previously unknown to Petitioner or that it could not have been ascertained much earlier by the exercise of due diligence. The Supreme Court of Pennsylvania has held that information cannot be considered "unknown" to a P.C.R.A. petitioner when the information was a matter of public record. *Commonwealth v. Lark*, 746 A.2d 585, 588 n.4 (Pa. 2000). It is self-evident that the information contained in the responses to Petitioner's "Right-to-Know Act" requests are public records, and case law makes it clear that the criminal history of a witness from Petitioner's trial was also a matter of public record. *See Commonwealth v. Chester*, 895 A.2d 520, 523 (Pa. 2006). Although Petitioner's failure to

establish that his evidence was previously unknown was sufficient to deny his claims, it bears mentioning that Petitioner also failed to explain why, with the exercise of due diligence, the purported after-discovered evidence could not have been discovered much earlier. Petitioner's "Right-to-Know Act" requests pertained to information available since 2003 and 2006, respectively, and the purported criminal background-check of a trial witness was available as early as the time of Petitioner's original trial. Because Petitioner failed to meet the statutory requirements for pleading and proving the existence of after-discovered evidence, his claims were properly dismissed.

Petitioner's remaining twenty-one (21) claims asserted police and prosecutorial misconduct, ineffective assistance of counsel, and abuse of discretion by the trial court. These claims were meritless and unsupported by evidence. More importantly, however, these claims did not invoke any of the three timeliness exceptions to the P.C.R.A.'s one-year time bar as enumerated at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Because the instant petition was untimely and none of the exceptions applied, these claims could not be considered by this court and were properly dismissed.

## III. CONCLUSION

In summation, Petitioner's claims entitled him to no relief; the evidence he presented was irrelevant and lacked substance. Petitioner's claims of after-discovered evidence were meritless, and his remaining claims failed to invoke any of the timeliness exceptions to the P.C.R.A. Accordingly, the instant petition was properly dismissed as untimely and it is respectfully suggested that the ruling be affirmed.

BY THE COURT,

JEFFREY P. MINEHART, J.