J-S60036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VINCENT THOMAS | |
| Appellant | No. 497 EDA 2015 |

Appeal from the PCRA Order January 14, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP--23-CR-0006924-1981
CP-23-CR-0006925-1981

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 09, 2015**

Vincent Thomas appeals pro se from the order entered in the Court of Common Pleas of Delaware County, on January 14, 2015, denying him relief on his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  The PCRA court determined it had no jurisdiction to address the merits of Thomas' claim as his petition was untimely and none of the statutory exceptions applied.  Thomas argues the PCRA court erred in failing to grant him an evidentiary hearing as he had presented a *prima facie* claim he was entitled to the after discovered evidence exception.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

In 1982, Thomas was convicted on multiple counts of rape, involuntary deviate sexual intercourse, and related charges.  Thomas received an

aggregate sentence of 18 to 60 years' incarceration. Prior to sentencing, Thomas received a mental health evaluation from Dr. John K. Fong, D.O. Dr. Fong's report indicated he believed Thomas would benefit from psychiatric treatment and posed a risk to reoffend.

Thomas obtained no relief in his direct appeal or in any of his several prior PCRA petitions. On February 4, 2014, Thomas filed the instant PCRA petition claiming he had recently discovered that Dr. Fong was not a licensed psychologist and, therefore, was unqualified to render an opinion about his mental state. The PCRA court considered this argument but concluded that Thomas had not explained why this previously unknown fact, which was in the public record, could not have been discovered at any time in Thomas' prior 30 plus years of incarceration. Accordingly, the PCRA court denied Thomas' petition as untimely.

> As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Robinson**, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).
>
> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

- 2 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

***Commonwealth v. Brown***, 111 A.3d 171, 175-76 (Pa. Super. 2015).

Further,

Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Perzel***, 116 A.3d 670, 671 (Pa. Super. 2015) (citation

omitted).

There is no dispute that Thomas was originally convicted and sentenced in 1982 and that his judgment of sentence became final in June, 1984, when time expired for Thomas to seek review by the Pennsylvania Supreme Court. Accordingly, Thomas had until June 1985 to file a timely PCRA petition. Therefore, this petition is facially untimely by more than 29 years. However, as noted, Thomas claims that he is entitled to the application of the timeliness exception found at section 9454(b)(1)(ii), regarding newly discovered facts. Thomas claims that by letter dated December 6, 2013, the State Board of Psychiatry informed him that John K. Fong, D.O., was not a licensed psychologist, but was a licensed osteopathic physician (D.O.). Prior to sentencing in 1982, Dr. Fong had conducted the mental health evaluation for Thomas' pre-sentence report.

The PCRA court rejected Thomas' assertion, noting that Thomas had not explained,

> why he could not have obtained this purported newly discovered evidence in the many years that followed his sentence … The information regarding Dr. Fong's credentials that [Thomas'] claims are "newly discovered facts" were of public record and could have been discovered by [Thomas] through the exercise of due diligence prior to the filing of his current PCRA [petition].

PCRA Court Opinion, 5/15/2015, at 4-5.

Our review of this matter confirms the certified record supports this determination. The information from the State Board of Psychiatry was available upon request. Accordingly, the PCRA court's legal conclusion that Thomas' petition is untimely is free from error.

Additionally, we note that in reviewing Dr. Fong's letter-report, he never claimed to have been a licensed psychologist. The letter-report is signed by "John K. Fong, D.O., Psychiatric Consultant". **See** Letter-Report, July 30, 1982. The alleged newly discovered fact that Dr. Fong was an osteopathic physician and not a licensed psychologist is evident from the 1982 Letter Report itself. Accordingly, the 2013 letter to Thomas from the State Board of Psychology is nothing more than a reiteration of a fact made known to Thomas and his counsel in 1982.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/9/2015