J-S60040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| DANNY BURTON | |
| Appellant | No. 1042 EDA 2015 |

Appeal from the PCRA Order March 23, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000788-2007
CP-23-CR-0006795-2008

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 09, 2015**

Danny Burton appeals from the order entered on March 23, 2015, in the Court of Common Pleas of Delaware County, denying him relief on his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.  After a hearing, the PCRA court determined Burton's petition was untimely, and therefore, the court was without jurisdiction to address the merits of the petition.  Following a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The factual and procedural history of this matter is somewhat confusing.  On April 3, 2007, Burton pled guilty to a single charge of corrupting the morals of a minor,[1] regarding his improper touching of his

---

[1] 18 Pa.C.S. § 6301(a)(1)

girlfriend's 13 year-old daughter. He was sentenced to five years' probation. On November 16, 2009, Burton entered into a plea agreement on charges of simple assault and terroristic threats,[2] based upon a threat to burn down his girlfriend's house and for punching his girlfriend's minor daughter. He received an aggregate sentence of 19-38 months' incarceration for terroristic threats and an additional two years' probation for simple assault. On December 29, 2009, probation for the initial charge was revoked and Burton was sentenced to 2 1/2 to 5 years' incarceration, concurrent to the simple assault/terroristic threats sentence. The subsequent timing is unclear, but while still incarcerated on the corruption charge, Burton wrote a series of seven threatening letters to his girlfriend. On April 3, 2012, the trial court determined those letters constituted a violation of his probation for simple assault and sentenced him to one to two years' incarceration, consecutive to the sentence Burton was still serving for corrupting the morals of a minor. No direct appeal was filed. On April 21, 2014, Burton filed this PCRA petition claiming the trial court erred in determining he had violated a term of his probation and in failing to give him full credit for time served.

Initially, we note:

> Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be

_____

[2] 18 Pa.C.S. §§ 2701 and 2706, respectively.

disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Perzel*, 116 A.3d 670, 671 (Pa. Super. 2015) (citation omitted).

Before we may address the merits of any PCRA appeal, we must determine whether the petition was filed in a timely manner. Instantly, the trial court determined the petition was untimely.

> As a prefatory matter, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Robinson*, 12 A.3d 477 (Pa. Super. 2011). A PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

>> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

>> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

>> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

> provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A § 9545(b)(1)(i)-(iii). Additionally, a PCRA petitioner must present his claimed exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000).

***Commonwealth v. Brown***, 111 A.3d 171, 175-76 (Pa. Super. 2015).

There is no dispute that Burton was sentenced on April 3, 2012, for the probation violation and no direct appeal was filed. Accordingly, his judgment of sentence became final on May 3, 2012, when the 30-day time limit to file a direct appeal expired. Therefore, in order to meet the statutorily mandated one-year time limit, pursuant to Section 9545(b)(1), Burton was required to file his PCRA petition by May 3, 2013. However, there is no dispute, and the record clearly demonstrates, that the instant petition was not filed until April 21, 2014 – almost one year past the time limit. Moreover, Burton has not pled, much less proven, he is entitled to any of the three statutory exceptions to the one-year time limit.

Because the petition was filed almost one year too late and Burton is not entitled to any of the timeliness exceptions, the certified record supports the trial court's determination that the petition is untimely. Further, the trial

court's resulting legal conclusion that no jurisdiction exists to address the merits of the petition is free from error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2015