J. S70003/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                   :              PENNSYLVANIA
                v.                :
                                   :
SHANNON FRENCH,            :          No. 580 EDA 2017
                                   :
             Appellant      :

Appeal from the PCRA Order, January 13, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0014123-2011,
CP-51-CR-0805001-2005

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED JANUARY 07, 2019**

Shannon French appeals from the January 13, 2017 order entered by the Court of Common Pleas of Philadelphia County denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we affirm.

The PCRA court provided the following synopsis of the relevant procedural history of this case:

> On February 28, 2011, at CP-51-CR-0805001-2005, [appellant] entered into a negotiated guilty plea on the charges of [c]orruption of [m]inors and [s]tatutory [s]exual [a]ssault[1] and was sentenced in accordance with his plea agreement to a period of confinement in a county correctional facility [of] 11½ to 23 months followed by 10 years['] probation.

---

[1] 18 Pa.C.S.A. §§ 6301(a) and 3122.1(a), respectively.

On March 29, 2011, at CP-51-CR-0014123-2011, [appellant] entered into a negotiated guilty plea on the charges of [c]onspriacy, [t]erroristic [t]hreats and [s]talking.[Footnote 1][2]   On June 13, 2012, [appellant] was sentenced on each charge to concurrent terms of probation of five years.   On June 13, 2012, the [c]ourt also found [appellant] in violation of probation at CP-51-CR-0805001-2005 and imposed concurrent sentences on both counts of 11½ to 23 months['] incarceration, followed by 8 years['] probation.

> [Footnote 1] This conviction constituted [appellant's] second[,] a violation of his parole at CP-51-CR-08050001-2005[. Appellant] was subsequently found to be in violation and resentenced on June 13, 2012.

Subsequently, on April 8, 2015, the [PCRA court] found [appellant] to be in violation of probation on both bills of information and resentenced him to an aggregate sentence of 2 to 5 years of confinement in a state correctional facility followed by [5] years['] probation.   [Appellant] did not file a direct appeal. On July 24, 2015, [appellant] filed the timely instant counseled PCRA petition pursuant to 42 Pa.C.S.A. §9541, et Seq. [sic]   On November 16, 2016, [the PCRA court] after a hearing and a careful review of the record, issued its notice, pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure [] advising [c]ounsel and [appellant] that it intended to dismiss [appellant's] petition within twenty days of the date of its notice.   On December 6, 2016, [appellant] filed a response to the [PCRA court's] notice pursuant to Rule 907.   On January 13, 2017, after a hearing and consideration of [appellant's] response to its notice of intent to dismiss, the [PCRA court] issued an [o]rder dismissing [appellant's] PCRA [p]etition as being without merit.

---

[2] 18 Pa.C.S.A. §§ 903(a), 2706(a), and 2709.1(a), respectively.

> On February 1, 2017, [appellant] timely filed the instant appeal to the Superior Court of Pennsylvania. On February 6, 2017, [the PCRA court] filed and served on [appellant] an [o]rder pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [appellant] to file and serve a Statement of Errors Complained of on Appeal, within twenty-one days of the [PCRA court's] [o]rder.
>
> On February 27, 2017, [appellant] timely filed a Statement of [Errors] Complained of on Appeal.

PCRA court opinion, 10/16/17 at 1-3. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) on October 16, 2017.

Appellant raises the following issue for our review:

> Did the [PCRA] court err in finding [appellant] was not prejudiced by his prior counsel's failure to introduce evidence that his alleged violation of probation was neither willful or intention [sic]?

Appellant's brief at 2.

PCRA petitions are subject to the following standard of review:

> "[A]s a general proposition, we review a denial of PCRA relief to determine whether the findings of the PCRA court are supported by the record and free of legal error." ***Commonwealth v. Dennis***, [], 17 A.3d 297, 301 ([Pa. ]2011) (citation omitted). A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court. ***Id.*** at 305 (citations omitted). To obtain PCRA relief, appellant must plead and prove by a preponderance of the evidence: (1) his conviction or sentence resulted from one or more of the errors enumerated in 42 Pa.C.S.[A.] § 9543(a)(2); (2) his claims have not been previously litigated or waived, ***id.*** § 9543(a)(3); and (3) "the failure to litigate the issue prior to or during trial . . . or on direct appeal could not have been the result of any rational,

> strategic or tactical decision by counsel[,]" **id.**
> § 9543(a)(4). An issue is previously litigated if "the
> highest appellate court in which [a]ppellant could
> have had review as a matter of right has ruled on
> the merits of the issue[.]" **Id.** § 9544(a)(2). "[A]n
> issue is waived if [a]ppellant could have raised it but
> failed to do so before trial, at trial, . . . on appeal or
> in a prior state postconviction proceeding." **Id.**
> § 9544(b).

**Commonwealth v. Treiber**, 121 A.3d 435, 444 (Pa. 2015).

Under the PCRA, an individual is eligible for post-conviction relief if the conviction was the result of "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process, that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering whether counsel was ineffective, we are governed by the following standard:

> [C]ounsel is presumed effective, and to
> rebut that presumption, the PCRA
> petitioner must demonstrate that
> counsel's performance was deficient and
> that such deficiency prejudiced him.
> **Strickland v. Washington**, 466 U.S.
> 668 [] (1984). This Court has described
> the **Strickland** standard as tripartite by
> dividing the performance element into
> two distinct components.
> **Commonwealth v. Pierce**, [] 527 A.2d
> 973, 975 ([Pa. ]1987). Accordingly, to
> prove counsel ineffective, the petitioner
> must demonstrate that (1) the
> underlying legal issue has arguable
> merit; (2) counsel's actions lacked an
> objective reasonable basis; and (3) the
> petitioner was prejudiced by counsel's
> act or omission. **Id.** A claim of
> ineffectiveness will be denied if the

> petitioner's evidence fails to satisfy any one of these prongs.
>
> ***Commonwealth v. Busanet***, [] 54 A.3d 34, 45 ([Pa. ]2012) (citations formatted). Furthermore, "[i]n accord with these well-established criteria for review, [an appellant] must set forth and individually discuss substantively each prong of the ***Pierce*** test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 910 (Pa.Super. 2009).

***Commonwealth v. Perzel***, 116 A.3d 670, 671-672 (Pa.Super. 2015), ***order vacated on other grounds***, 166 A.3d 1213 (Pa. 2017).

Here, the record reflects that appellant was discharged from a mandatory sexual offender rehabilitation program for sleeping during group therapy. (Notes of testimony, 4/8/15 at 6-8.) The trial court found appellant to be in violation of his probation and sentenced him to 2-5 years' incarceration followed by five years' probation. (***Id.*** at 12, 22.)

Appellant contends that his violation of probation counsel, Tangie Marie Boston, Esq., provided ineffective assistance because she failed to introduce evidence pertaining to the side effects of the medications appellant was required to take, which included excessive drowsiness. (Appellant's brief at 6.) Specifically, appellant argues that he was prejudiced by Attorney Boston's failure to introduce such evidence. (***Id.*** at 8.)

Based on our review of the record, we find that there is support for the PCRA court's conclusion that the record belies appellant's contentions. (***See*** PCRA court opinion, 10/16/17 at 8.) Relying on appellant's discharge report, the PCRA court noted that appellant was discharged,

not just for his inability to stay awake but, instead for his total lack of cooperation and defiance of the program. In viewing the totality of his actions, sleeping during sessions, his sexualizing a staff member,[3] seeking inappropriate drugs and numerous behavioral violations, [appellant] evidenced a deliberate pattern of non-compliance. Prior to dismissing [appellant's] PCRA petition, the [PCRA court] noted; "It's one thing to fall asleep, it's another thing to put your jacket over your head so you can sleep more peacefully. If that's just part of an overall pattern of not going along with the program, I don't know what good it would do you to bring in evidence that these are medications that make it easier to sleep."

PCRA court opinion, 10/16/17 at 8, quoting notes of testimony, 11/16/16 at 14. Moreover, a review of the violation of probation hearing transcript reveals that Attorney Boston argued that appellant's falling asleep was attributed to the medication he was taking. (Notes of testimony, 4/8/15 at 17.)

Therefore, we find that appellant has failed to establish that he was prejudiced by Attorney Boston's not introducing evidence that the side effects of the medication appellant was required to take caused him to become drowsy. Accordingly, the PCRA court did not abuse its discretion when it dismissed appellant's PCRA petition.

Order affirmed.

---

3 Probation Officer Yvette Morales described appellant's behavior as follows: "[A] female therapist walked by and [appellant] found her attractive, and he stated that he wanted more information on her. And they redirected him several times, but he kept asking [for] information about the therapist." (Notes of testimony, 4/8/15 at 7.)

J. S70003/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/7/19