J-S54002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONALD MCDADE, | |
| Appellant | No. 1343 EDA 2014 |

Appeal from the PCRA Order April 18, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):
CP-46-CR-0001086-2008
CP-46-CR-0007141-2007
CP-46-CR-0007143-2007

BEFORE:  BOWES, PANELLA, AND FITZGERALD, *JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 09, 2015**

Ronald McDade appeals from the April 18, 2014 order denying him PCRA relief.  We affirm.

Appellant was charged at three separate criminal actions for various sexual offenses.  At approximately 5:15 p.m. on September 19, 2007, Appellant was masturbating in his car in the parking lot of a store when a mother and her two young daughters walked past the car and viewed his activity.  Appellant then left the parking lot, and, thirty minutes after this incident, Appellant blocked the path of a fifteen year old girl who was walking down an alley by stopping his car in front of her.  He asked the girl if she wanted to watch him and reached toward the area of his waist.

<hr>

* Former Justice specially assigned to the Superior Court.

Appellant also asked her if she wanted a ride. After the luring victim said that she did not, Appellant drove away.

Appellant was arrested later that evening and was released on bail. About seven weeks later, on January 19, 2008, Appellant was arrested for forcibly raping a thirteen-year-old girl, G.K., when she was visiting her friend who lived at the same residence as Appellant. Appellant also penetrated G.K.'s vagina and anus with his fingers, placed his mouth on her vagina, and forced his penis into her mouth.

On May 29, 2009, Appellant entered an open *nolo contendere* plea at all three actions to charges of rape, involuntary deviate sexual intercourse, aggravated indecent assault, statutory sexual assault, indecent exposure, corruption of a minor, simple assault, unlawful restraint, attempted luring of a child into a vehicle, indecent exposure, and open lewdness. Appellant was assessed by the Sexual Offenders Assessment Board. On July 29, 2010, after a hearing, Appellant was adjudicated a sexually violent predator, and he was sentenced to twenty-six to fifty-five years imprisonment. Appellant filed a post-trial motion and a direct appeal upon its denial.

On appeal, we affirmed. **Commonwealth v. McDade**, 32 A.3d 826 (Pa.Super. 2011) (unpublished memorandum). We concluded that Appellant's *nolo contendere* plea was "knowingly, voluntarily and intelligently entered[.]" **Id**. (unpublished memorandum at 10). We also ruled that Appellant's sentence was not illegal in that he had advance notice of

applicable mandatory minimum sentences. In addition, we decided that there was sufficient evidence for the trial court's finding that Appellant met the criteria for classification as an SVP. Finally, we held that the sentence was not infirm due to its consecutive nature.

Appellant sought review with our Supreme Court, which denied that request on April 24, 2012. *Commonwealth v. McDade*, 42 A.3d 292 (Pa. 2012). On July 23, 2012, Appellant filed a timely PCRA petition claiming that his *nolo contendere* plea was induced by ineffective assistance of counsel. This appeal followed denial of the petition without a hearing. Appellant raises these issues:

> 1. Did the PCRA Court err by denying the [PCRA] petition without a hearing?
>
> > a. Did [Appellant's] underlying claims have arguable merit?
> >
> > b. Was the record sufficient to support the PCRA court's conclusion that [Appellant] did not raise any issues of arguable merit?

Appellant's brief at 7.

Appellant first maintains that he suffers from an intellectual disability that renders him functionally illiterate. He suggests that his plea was infirm because plea counsel and the plea court failed to make "appropriate accommodations for his disabilities." Appellant's brief at 13. Secondly, Appellant asserts that plea counsel did not "properly investigate the case" by obtaining a DNA expert who would have been able to explain the results and

- 3 -

may have offered a defense at trial. *Id*. at 13, 17.[1] Third, Appellant claims that counsel was ineffective when he presented a psychological report during the SVP proceedings that was damaging to him. Appellant's final position is that direct appeal counsel was ineffective for failing to challenge the validity of his *nolo contendere* plea based upon his intellectual disabilities.

Initially, we note that our standard of review "for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Perzel***, 116 A.3d 670, 671 (Pa.Super. 2015) (citation omitted). A *nolo contendere* plea is treated the same as a guilty plea in terms of its effect upon a case. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 n.3 (Pa.Super. 2014). A PCRA petitioner cannot obtain relief based upon an allegation of ineffectiveness unless he demonstrates that "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) the petitioner was prejudiced by counsel's act or omission." ***Perzel***, ***supra*** at 672. This tripartite test was derived by our Supreme Court in ***Commonwealth v. Pierce***, 527 A.2d

---

[1] Appellant also suggests that plea counsel failed to explain the applicable mandatory minimum sentences. However, we determined, on direct appeal, that the plea court, during it colloquy, adequately clarified any mandatory minimum sentence implicated in this matter. Thus, any default by counsel in this respect was cured by the plea court before Appellant's plea was accepted, and Appellant's claimed ineffectiveness cannot form the basis for withdrawal of the plea.

973 (Pa. 1987), from the United States Supreme Court's pronouncement in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Perzel*, *supra*. Additionally, "Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea." *Commonwealth v. Fears*, 86 A.3d 795, 806-07 (Pa. 2014) (citation omitted).

Herein, Appellant maintains that he is intellectually disabled and functionally illiterate and that counsel and the court did not make adequate accommodations for that disability. The transcript of his plea, however, belies this position. Appellant represented to the plea court that his counsel reviewed the contents of the written plea colloquy with him. Appellant also said that he understood the questions in the written colloquy explained to him by counsel and that the answers contained in the colloquy were his answers. N.T., 5/29/09, at 20-21. The plea court then specifically questioned Appellant as to whether Appellant wanted to ask the court any questions or if there was anything about which he was unsure. Appellant responded, "No, I understand everything." *Id*. at 22.

The law "presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Reid*, 117 A.3d 777. 783 (Pa.Super. 2015) (citation omitted). Moreover, a defendant is "bound by his statements during the colloquy," and may not assert a ground for withdrawal if that position is

contradicted by statements that the defendant made when he plead guilty. *Id*.

Herein, assuming, for the sake of argument, that Appellant could not read, the record establishes the existence of adequate accommodations for that problem. Appellant told the court that he reviewed the written colloquy **with plea counsel** and understood that document and that the answers located therein were his answers. The oral colloquy was just that, oral, and Appellant admitted to understanding those proceedings. Thus, the fact that Appellant allegedly cannot read did not vitiate Appellant's plea herein. His answers in the plea proceeding were appropriate responses to the verbal questions posed, and we hold him to the representations that he made to the plea court.

Appellant also asserts that plea counsel should have obtained a DNA expert to explore possible defenses with him. Appellant simply does not adequately develop this position by delineating how any DNA results would have aided in a defense. DNA evidence was implicated only in the rape and sexual assault of the thirteen-year-old girl. That victim knew Appellant well because he lived with one of her girlfriends. Since Appellant does not establish how he was prejudiced by counsel's failure to hire a DNA expert, this claim of ineffectiveness necessarily fails. ***Commonwealth v. McDermitt***, 66 A.3d 810 (Pa.Super. 2013) (where defendant complained about counsel's failure to seek identity of a confidential informant without

- 6 -

explaining how that identity would have aided in a defense, position was rejected as undeveloped).

Appellant's third allegation, which is that counsel was ineffective for disseminating a damaging psychological report during the SVP hearing, is not cognizable herein. We held in **Commonwealth v. Maskar**, 34 A.3d 841 (Pa.Super. 2011) (*en banc*), that any challenge to the process by which a defendant is classified as an SVP, including those related to ineffective assistance of counsel, cannot be pursued under the PCRA.

Appellant finally asserts entitlement to an evidentiary hearing on his PCRA petition. A PCRA petitioner is not automatically entitled to a PCRA hearing. **Commonwealth v. Smith**, 2015 WL 4931579 (Pa.Super. 2015). A PCRA court can refuse to hold a hearing if "there is no genuine issue as to any material fact and the petitioner is not entitled to post-conviction relief, and no purpose would be served by any further proceedings." **Id**. at * 1 (citation omitted). Herein, Appellant failed to make out that there was any genuine issue as to a material fact and to establish his entitlement to PCRA relief. Hence, we will not disturb the PCRA court's refusal to hold a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>10/9/2015</u>