J-S66009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT JAMES FRAZIER, | |
| Appellant | No. 1823 WDA 2014 |

Appeal from the PCRA Order of September 30, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0000595-2005
CP-02-CR-0015981-2005

BEFORE:  OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 19, 2015**

Appellant, Albert James Frazier, appeals from the order dated September 30, 2014, dismissing his petition for *habeas corpus* as an untimely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts and procedural history of this case as follows.  In October 2004, Appellant shot Robert Pryor during a drug transaction.  Pryor died on the scene.  In August 2006, a jury convicted Appellant of homicide and other related offenses.  The trial court sentenced Appellant to life imprisonment without the possibility of parole for homicide and a consecutive term of 10 to 20 years for conspiracy.  This Court affirmed Appellant's judgment of sentence on August 14, 2008.  ***Commonwealth v. Frazier***, 961 A.2d 1274 (Pa. Super. 2008) (unpublished memorandum).

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant filed a timely PCRA petition on August 5, 2009. On February 27, 2012, the PCRA court dismissed Appellant's PCRA petition. This Court affirmed that decision on August 16, 2013 and our Supreme Court denied further review on April 22, 2014. *Commonwealth v. Frazier*, 83 A.3d 1067 (Pa. Super. 2013), *appeal denied*, 89 A.3d 1282 (Pa. 2014).

On July 15, 2014, Appellant filed a *pro se* petition for PCRA relief/petition for *habeas corpus* relief. In that petition, Appellant argued that PCRA counsel rendered ineffective assistance of counsel for failing to advance four claims of ineffective assistance of trial counsel in Appellant's first PCRA petition. On July 21, 2014, the PCRA court entered notice of its intent to dismiss Appellant's PCRA petition as untimely. Appellant filed a *pro se* response claiming there was no remedy for him under the PCRA and that his *habeas corpus* petition was properly before the court. On September 30, 2014, the PCRA court entered an order dismissing Appellant's petition. This timely appeal followed.[1]

On appeal, Appellant presents the following issue, *pro se*, for our review:

---

[1] Appellant, a *pro se* prisoner, stated in his docketing statement that he placed his notice of appeal in the prison mailbox on October 29, 2014. Thus, it was timely. *See Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) (An appeal by a *pro se* prisoner is deemed filed on the date the prisoner deposits the appeal with prison authorities and/or places it in the prison mailbox, even though the appeal is actually received by the court after the deadline for filing the appeal).

I.      Whether the lower court committed error in converting Appellant's July 14, 2014 petition for writ of *habeas corpus* into a second/subsequent PCRA [petition] where the claims for relief do not fall within any of the statutorily enumerated bases for relief expressly subsumed by the [PCRA]?

Appellant's Brief at 4.

"Our standard of review for an order denying post-conviction relief is whether the record supports the [lower] court's determination and whether the [lower] court's determination is free of legal error." **Commonwealth v. Perzel**, 116 A.3d 670, 671 (Pa. Super. 2015). Our Supreme Court has concluded:

> Prior to the enactment of statutory post-conviction remedies, *habeas corpus* petitions were frequently utilized for obtaining post-conviction review in criminal cases. [...I]n **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998), [the Supreme Court determined] the PCRA subsumes the remedy of *habeas corpus* with respect to remedies offered under the PCRA [and that] the writ continues to exist only in cases in which there is no remedy under the PCRA.
>
> *            *            *
>
> The legislature has clearly directed that the PCRA provide the sole means for obtaining collateral review and relief, encompassing all other common law rights and remedies, including *habeas corpus*. **See** 42 Pa.C.S. § 9542. As certain penalty phase claims, which are not waived or otherwise forfeited are cognizable on traditional *habeas corpus* review, Section 9542 plainly requires that they must be considered exclusively within the context of the PCRA. Such claims could not be legislatively foreclosed, since the Pennsylvania Constitution provides, with limited exceptions not here applicable, that the privilege of the writ of *habeas corpus* shall not be suspended. Pa.Const, Article 1, Section 14.

> Given that the choice was between a unified statutory procedure or bifurcated review having statutory and common law components, it seems clear that the General Assembly intended to channel all claims requiring review through the framework of the PCRA. Thus, [when] petitioner's penalty phase claims are cognizable under the PCRA they will be addressed solely within the context of the PCRA, and any remedy to be afforded petitioner must be within the scope of the PCRA.

*Commonwealth v. Chester*, 733 A.2d 1242, 1250-1251 (Pa. 1999) (some citations omitted), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002).

Claims of ineffective assistance of counsel fall under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2)(ii). We have previously determined "issues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court." **Commonwealth v. Risjan**, 2015 WL 6128880 at *2 (Pa. Super. July 28, 2015), *citing* **Commonwealth v. Ford**, 44 A.3d 1190, 1200–1201 (Pa. Super. 2012). An appellant "retains the right to raise [PCRA counsel's ineffectiveness] in a subsequent PCRA petition, and/or invoke any of the time bar exceptions." **Id.**, *citing* **Commonwealth v. Jette**, 23 A.3d 1032, 1044 n.14 (Pa. 2011) (stating that "[w]hile difficult, the filing of a subsequent timely PCRA petition [alleging ineffectiveness of PCRA counsel] is possible, and in situations where a [ ] [time bar] exception ... can be established[,] a second [PCRA] petition filed beyond the one-year time bar may be pursued."). "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor**,

65 A.3d 462, 466 (Pa. Super. 2013) (internal citation omitted). "Phrased differently, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." **Id.** Hence, we conclude the PCRA court properly treated Appellant's request for relief under the PCRA.

This Court has stated:

> The filing mandates of the PCRA are jurisdictional in nature and are strictly construed. The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary. An untimely petition renders this Court without jurisdiction to afford relief.
>
> A petition for relief under the PCRA must be filed within one year of the date the PCRA petitioner's judgment of sentence becomes final unless the petitioner alleges and proves that an exception to the one-year time-bar is met. 42 Pa.C.S.A. § 9545.

**Id.** at 468 (internal case citations omitted).

Herein, we affirmed Appellant's judgment of sentence on August 14, 2008. Appellant did not appeal that decision to the Pennsylvania Supreme Court. Thus, Appellant's judgment of sentence became final on September 13, 2008. **See** Pa.R.A.P. 1113(a). Appellant had one year from that date to file a PCRA petition. **See** 42 Pa.C.S.A. § 9545(b). Accordingly, Appellant's petition filed on July 15, 2014 is patently untimely. Appellant does not argue that one of the three exceptions to the PCRA's jurisdictional timing requirements is applicable. Thus, the PCRA court was without jurisdiction to entertain Appellant's claims.

Finally, we note:

> This court has determined that in reviewing claims for relief in a second or subsequent collateral attack on a conviction and judgment of sentence, the request will not be entertained unless a strong *prima facie* showing is demonstrated that [] a miscarriage of justice occurred. An appellant makes such a *prima facie* case only if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes charged. However, the [enunciated] miscarriage of justice standard affords Appellant no relief in this case.

> Again, Appellant fails to understand that this [C]ourt ... clearly noted that the time requirements under the amendments to the PCRA are jurisdictional. Thus, while the court would consider a timely petition under the [the miscarriage of justice] standard, the court has no jurisdiction to address an untimely petition.

**Commonwealth v. Fielding**, 2015 WL 5937665, at *3 (Pa. Super. 2015).

For all of the foregoing reasons, the PCRA court lacked jurisdiction to review Appellant's ineffective assistance of PCRA counsel claims. Hence, we affirm the PCRA's denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/19/2015

- 6 -