J-A31042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIBERTO SANTANA, | |
| Appellant | No. 189 MDA 2015 |

Appeal from the PCRA Order January 6, 2015
in the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0005215-2011

BEFORE: PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:             **FILED JANUARY 06, 2016**

Appellant, Eriberto Santana, appeals *pro se* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate and remand.

On January 9, 2013, Appellant entered a negotiated guilty plea to two counts of possession with intent to deliver a controlled substance (PWID).[1] The charges arose from Appellant's sales of heroin to undercover police officers. The same day, pursuant to the agreement, the trial court sentenced Appellant to a term of incarceration of not less than five nor more

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

than ten years' incarceration. No post-sentence motions or direct appeal were filed.

On October 30, 2013, Appellant filed a **timely** *pro se* first PCRA petition raising issues of trial counsel's ineffectiveness, and challenging his guilty plea and the discretionary aspects of sentence. Because Appellant stated in the petition that he did not want representation during the PCRA proceedings, the court held a **Grazier**[2] hearing on January 2, 2014. On January 8, 2014, the court found that Appellant made a knowing, intelligent, and voluntary waiver of his right to counsel, and granted his request to proceed *pro se*. On June 17, 2014, Appellant filed a *pro se* amended PCRA petition in which, in addition to raising a new legality of sentence issue and incorporating his previously filed PCRA claims, he requested the appointment of PCRA counsel. On July 29, 2014, the PCRA court appointed counsel to represent Appellant, and directed him to file either an amended PCRA petition detailing Appellant's eligibility for PCRA relief, or a **Turner**/**Finley**[3] no-merit letter.

On November 24, 2014, counsel filed a no-merit letter requesting to withdraw from representation on the basis that Appellant's PCRA petition was **untimely** and failed to plead and prove a timeliness exception. (**See**

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Turner*/*Finley* No-Merit Letter, 11/24/14, at 2-9). On December 10, 2014, the court filed a Rule 907 notice.[4] Appellant did not respond, and, on January 6, 2015, the court dismissed the PCRA petition and granted counsel's petition to withdraw. Appellant timely appealed *pro se*.[5]

Appellant raises two questions for this Court's review:

> I.    Whether the [PCRA] court erred in finding that Appellant's guilty plea was entered voluntarily, knowing[ly], and intelligently in light of the statutory interpretation in ***Commonwealth v. Hopkins***, [117 A.3d 247 (Pa. 2015),] premised upon ***Alleyne v. United States***, 133 S.Ct. 2151 (2013)?
>
> II.    Whether Appellant's sentence is illegal and subject to correction, mandated by PCRA provisions as such challenge was asserted in a timely PCRA?

(Appellant's Brief, at 3) (most capitalization omitted).

"Our standard of review for an order denying post-conviction relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Perzel***, 116 A.3d 670, 671 (Pa. Super. 2015) (citation omitted).

Before we reach the merits of Appellant's issues, we must consider whether Appellant "was effectively deprived of his right to counsel on . . . his first PCRA petition." ***Commonwealth v. Karanicolas***, 836 A.2d 940, 945

---

[4] ***See*** Pa.R.Crim.P. 907(1).

[5] Appellant filed a timely statement of errors raised on appeal pursuant to the court's order on February 23, 2015. ***See*** Pa.R.A.P. 1925(b). The court filed an opinion on March 10, 2015. ***See*** Pa.R.A.P. 1925(a).

(Pa. Super. 2003) (citation omitted); *see also Commonwealth v. Stossel*, 17 A.3d 1286, 1290 (Pa. Super. 2015) (holding, "where an indigent, first-time PCRA petitioner was denied his right to counsel . . . this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake.").

Pennsylvania courts have recognized expressly that every post-conviction litigant is entitled to at least one **meaningful** opportunity to have . . . issues reviewed, at least in the context of an ineffectiveness claim. This Court has admonished, accordingly, that the point in time at which a trial court may determine that a PCRA petitioner's claims are frivolous or meritless is after the petitioner has been afforded a full and fair opportunity to present those claims. Our Supreme Court has recognized that such an opportunity is best assured where the petitioner is provided representation by competent counsel whose ability to frame the issues in a legally meaningful fashion insures the [PCRA] court that all relevant considerations will be brought to its attention. The [S]upreme [C]ourt has mandated accordingly, that counsel be appointed in **every** case in which a defendant has filed a motion for post-conviction collateral review for the first time and is unable to afford counsel. . . .

\* \* \*

Moreover, this rule [has not been] limited to the mere naming of an attorney to represent an accused, but also envisions that counsel so appointed shall have the opportunity and in fact discharge[s] the responsibilities required by his representation. . . .

\* \* \*

Once appointment has been made, counsel may seek to withdraw, **after a thorough review of the record has been made**, where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking. Counsel may not, however, accept appointment, thereby engendering the reliance of both his client and the court, **without undertaking of**

> **record either to advance his client's claims or certify their lack of merit.**
>
> In addressing the petitioner's right to counsel under the precursor to the PCRA, we admonished that when appointed counsel fails to amend an inarticulately drafted *pro se* [post conviction] petition, or fails otherwise to participate meaningfully, this [C]ourt will conclude that the proceedings were, for all practical purposes, uncounseled and in violation of the representation requirement. . . . Both this Court and our Supreme Court have recognized that a post[-]conviction petition is effectively uncounseled under a variety of circumstances whenever omissions of record demonstrate that counsel's inaction deprived the petitioner the opportunity of legally trained counsel to advance his position in acceptable legal terms.

*Karanicolas*, *supra* at 945-46 (citations, quotation marks, and some brackets omitted) (emphases in original).

Instantly, appointed counsel filed a *Turner*/*Finley* no-merit letter.

> Before an attorney can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file and obtain approval of a no-merit letter pursuant to the mandates of *Turner*/*Finley*. The no-merit letter should include a description of the nature and extent of the attorney's review, a list of the issues that the PCRA petitioner wishes to have reviewed, and an explanation of why the issues lack merit. Substantial compliance with these requirements will satisfy the criteria.

*Id.* at 947 (citations, quotation marks, and emphases omitted).

Here, PCRA counsel's petition for leave to withdraw was based solely on counsel's mistaken conclusion that Appellant's current PCRA petition was

untimely filed.[6]   (*See Turner/Finley* Letter, 11/24/14, at 2-9).   Hence, counsel failed to identify Appellant's issues or explain why they lacked merit, in compliance with *Turner/Finley.* (*See id.*); *see also Commonwealth v. Glover*, 738 A.2d 460, 464 (Pa. Super. 1999) (holding no-merit letter must identify each issue petitioner wishes to raise, and explain whether specific claim has been previously litigated, waived for failure to raise it on direct appeal, or frivolous for some other reason).   Although counsel did note Appellant's *Alleyne* issue, (*see Turner/Finley* Letter, at 5-9; *see also* Amended PCRA Petition, 6/17/14, at 2), his analysis was premised on his misconception that Appellant's PCRA petition was untimely, and considered only whether *Alleyne* creates a PCRA timeliness exception.   (*See Turner/Finley* Letter, at 5-9).   Counsel's *Turner/Finley* letter neither advanced Appellant's claims nor certified their lack of merit.   *See Karanicolas*, *supra* at 946*.*

Under these circumstances, we cannot conclude that the record reveals any "meaningful participation" by PCRA counsel. *Id.* at 947 (remanding for appointment of new counsel where appointed counsel incorrectly determined that PCRA petition was untimely and his *Turner/Finley* letter did not evidence "meaningful participation").   Thus,

---

[6] Appellant was sentenced on January 9, 2013.  Because he did not file a direct appeal his judgment of sentence became final on February 8, 2013. *See* 42 Pa.C.S.A. § 9545(b)(3).  Therefore, his October 30, 2013 PCRA petition was timely.  *See* 42 Pa.C.S.A. § 9545(b)(1).

Appellant's first PCRA petition proceeding was for all practical purposes uncounseled, depriving him of "the opportunity of legally trained counsel to advance his position in acceptable legal terms . . . ." ***Karanicolas***, ***supra*** at 946 (citation and internal quotation marks omitted).

Hence, we are constrained to conclude that the PCRA court erred in granting counsel's petition to withdraw and in dismissing Appellant's PCRA petition. ***See Perzel***, ***supra*** at 671. We vacate the court's order and remand for the appointment of new counsel. Newly appointed counsel may either proceed to develop and advocate meritorious claims or seek to withdraw, "after a thorough review of the record has been made, where non-frivolous issues justifying the pursuit of post-conviction collateral relief are lacking." ***Karanicolas***, ***supra*** at 946-47.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/6/2016