J-S45037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| AMANDA LYNN GESSNER, | |
| Appellant | No. 1965 WDA 2015 |

Appeal from the PCRA Order November 17, 2015
in the Court of Common Pleas of Crawford County
Criminal Division at No.: CP-20-CR-0000202-2013

BEFORE:  OLSON, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED JUNE 29, 2016**

Appellant, Amanda Lynn Gessner, appeals *pro se* from the court's order denying her first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, after a hearing.  We affirm.

We take the following facts from the PCRA court's memorandum and order of October 19, 2015, its Rule 1925(a) opinion filed on February 23, 2016, and our independent review of the certified record.  On May 30, 2013, Appellant pleaded guilty to aggravated harassment by a prisoner, 18 Pa.C.S.A. § 2703.1.  The charge arose from Appellant's throwing urine at a corrections officer at SCI Cambridge Springs, where she was serving a sentence for arson and related crimes.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On August 20, 2013, the court sentenced Appellant to a term of not less than twenty-four nor more than forty-eight months' incarceration in a state correctional institution, consecutive to the sentence she was then-serving. The court denied Appellant's motion for modification of sentence on September 23, 2013. On September 30, 2013, the court granted counsel's petition to withdraw. Appellant filed a petition for sentence reconsideration *pro se nunc pro tunc* in this Court. On November 15, 2013, we transferred the document to the trial court to be treated as a notice of appeal. On November 19, 2013, the court appointed counsel. This Court affirmed the judgment of sentence on May 27, 2014. (*See Commonwealth v. Gessner*, 104 A.3d 60 (Pa. Super. 2014) (unpublished memorandum)).

Appellant mailed a *pro se* petition for PCRA relief to the Pennsylvania Supreme Court, which in turn forwarded it to the PCRA court, where it was filed on November 12, 2014. The PCRA court appointed counsel on November 17, 2014. Counsel filed an amended petition on January 15, 2015. After a hearing, the court issued an order on October 19, 2015 notifying Appellant of its intention to dismiss the petition. Appellant responded *pro se* on November 16, 2015, and the court dismissed the petition on November 17, 2015.

Appellant filed a purported *pro se* notice of appeal on December 10, 2015, and the PCRA court scheduled a **Grazier**[1] hearing to determine whether Appellant intended to proceed without the assistance of counsel. On January 26, 2016, after the **Grazier** hearing, the court entered an order in which it found that Appellant's "waiver of counsel is knowing, voluntary[,] and intelligently made," and relieved counsel of further representation. (**Grazier** Hearing Order, 1/26/16). The same day, the court ordered Appellant to file a Rule 1925(b) statement of errors complained of on appeal within twenty-one days of the order's entry. **See** Pa.R.A.P. 1925(b). The order further provided that failure of Appellant to file the statement would result in waiver of her issues on appeal. (**See** Concise Statement Order, 1/26/16, at 2). Appellant failed to file the court-ordered statement, and the court filed an opinion on February 23, 2016, in which it suggested that Appellant's issues are waived, but incorporated its October 19, 2015 opinion "in an abundance of caution[.]" (Pa.R.A.P. 1925(a) Opinion, 2/23/16, at 2);[2] **see also** Pa.R.A.P. 1925(a).

_____

[1] **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one.") (citations omitted).

[2] The court notes in its February 23, 2016 opinion that:

> The [c]ourt has this day received by mail an unsigned statement of errors from one Mark Marvin purportedly on behalf

*(Footnote Continued Next Page)*

Appellant raises seven issues for this Court's review.

I[.] [Appellant] is not guilty.

II[.] Plea was irrational and unintelligent and based on the decisions of the Superior Court that the government was relieved of its burden of proof to the extent that the government did not need to prove the identity of the substance that was reported to have been used in the harassment incident, and further denying the right of Confrontation, and Due Process.

III[.] The incident arose from unconscionable deprivation of hygiene products that were requested by [Appellant].

IV[.] The manner of refusal of hygiene products was provocative and constituted entrapment by government.

V[.] [Appellant] was denied equal protection under the laws of the United States.

VI[.] The statute in question: (18 Pa.C.S.A. [§] 2703.1: Aggravated Harassment by a Prisoner) is unconstitutionally vague, and identifies a crime that non-prisoners are exempt from.

VII[.] Counsel was ineffective.

(Appellant's Brief, at 1).

It is well-settled that our standard of review of the court's denial of a

PCRA petition "is whether the record supports the PCRA court's

*(Footnote Continued)* ─────────────────

of []Appellant, dated February 17, 2016, and enclosed in an envelope bearing a postmark of February 18, 2016. The statement is untimely, has not been filed with our Clerk of Courts, and is presented [] by an individual who has not entered an appearance on behalf of []Appellant (and, moreover, is reportedly not licensed to practice law). Accordingly, the [c]ourt disregards this correspondence.

(Trial Ct. Statement, at 1 n.1).

determination and whether the PCRA court's determination is free of legal error." ***Commonwealth v. Perzel***, 116 A.3d 670, 671 (Pa. Super. 2015) (citation omitted). However, before we reach the merits of Appellant's issues, we must determine whether she has properly preserved them for appeal.

Our Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [***Commonwealth v.***] ***Lord***[,719 A.2d 306 (Pa. 1998),] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted); ***see id.*** at 493-94 (finding appellant waived all issues when he failed to file a court-ordered Rule 1925(b) statement, even though he had made *ex parte*, off the record, contact with the court concerning his claims).

Likewise, here, Appellant failed to file a court-ordered Rule 1925(b) statement. The fact that a previously unknown third party sent the court an untimely, unsigned statement of errors does not cure this defect. The person is not a licensed attorney representing Appellant; and the document was not filed of record. The PCRA court properly disregarded it. Additionally, contrary to Appellant's assertion, (**see** Appellant's Reply Brief, at 1), her inclusion of a Rule 1925(b) statement in her appellate brief does not satisfy the Rule either, because "Pa.R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." **Commonwealth v. Lemon**, 804 A.2d 34, 37 (Pa. Super. 2002) (citation omitted).

Therefore, because Appellant failed to file a court-ordered Rule 1925(b) statement, any appellate issues are waived.[3]

_____

[3] We are cognizant that Appellant has waived her right to appellate counsel and that she is proceeding *pro se*. However, it is well-settled that:

> Under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants. **See Commonwealth v. Williams**, 586 Pa. 553, 896 A.2d 523, 534 (2006)[, *cert. denied*, 549 U.S. 1213 (2007)] (*pro se* defendants are held to same standards as licensed attorneys). Although the courts may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant[.]

*(Footnote Continued Next Page)*

J-S45037-16

Order affirmed.


Judgment Entered.

*(signature)*

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/29/2016

---

*(Footnote Continued)* ────────────────

**Commonwealth v. Blakeney**, 108 A.3d 739, 766 (Pa. 2014), *cert. denied*, 135 S.Ct. 2817 (2015). "To the contrary, any person choosing to represent [herself] in a legal proceeding must, to a reasonable extent, assume that [her] lack of expertise and legal training will be [her] undoing." **In re Ullman**, 995 A.2d 1207, 1212 (Pa. Super. 2010), *appeal denied*, 20 A.3d 489 (Pa. 2011) (citation omitted).