J-A22038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN MICHAEL PERZEL | : | |
| | : | |
| Appellee | : | No. 182 MDA 2021 |

Appeal from the Order Entered December 31, 2020
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002589-2010

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: MAY 11, 2022**

Appellant, the Commonwealth of Pennsylvania, appeals from the restitution order entered in the Dauphin County Court of Common Pleas, following this Court's remand for a new hearing on the amount of restitution sought by the Commonwealth in connection with the guilty plea of Appellee, John Michael Perzel, to multiple counts of criminal conspiracy, theft by failure to make required disposition of funds, and restricted activities.[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 2009, the Commonwealth charged Appellee with various offenses in connection with Appellee's use of public funds, government staff, equipment, and facilities to pay for and to perform campaign activities while Appellee was

---

[1] 18 Pa.C.S.A. §§ 903; 3927(a); and 65 Pa.C.S.A. § 1103(a), respectively.

a member of the Pennsylvania House of Representatives from 1978 to 2010 and/or while serving as its Speaker from 2003 to 2007. On August 31, 2011, Appellee entered an open guilty plea to two counts each of restricted activities, conspiracy to commit restricted activities, theft by failure to make required disposition of funds, and conspiracy to commit theft by failure to make required disposition of funds. Appellee admitted at the time of his guilty plea that he would be subject to pay restitution as part of his sentence. (**See** N.T. Guilty Plea Hearing, 8/31/11, at 10). The amount of restitution was not discussed at that time. (**See id.**)

On March 21, 2012, the court sentenced Appellee to an aggregate term of 2½ to 5 years' incarceration, five years' probation, $30,000.00 in fines, and $1,000,000.00 in restitution to the Commonwealth under 18 Pa.C.S.A. § 1106 (governing restitution for injuries to person or property). Appellee did not file a direct appeal.

On March 21, 2013, Appellee filed a timely *pro se* Post Conviction Relief Act ("PCRA")[2] petition, challenging the restitution portion of his sentence as illegal because the Commonwealth was not a "victim" entitled to restitution under Section 1106. The court appointed counsel, who subsequently filed an amended PCRA petition. On July 16, 2014, following appropriate notice per Pa.R.Crim.P. 907, the court denied Appellee's petition. On May 4, 2015, this

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

Court affirmed the judgment of sentence. Nevertheless, on February 9, 2017, our Supreme Court vacated and remanded to this Court to reconsider its decision in light of **Commonwealth v. Veon**, 637 Pa. 442, 150 A.3d 435 (2016) (holding Commonwealth cannot be considered direct victim or reimbursable compensating government agency under version of restitution statute in effect at that time, 18 Pa.C.S.A. § 1106; therefore, restitution order directing payment to Commonwealth as victim of crime constitutes illegal sentence). **See Commonwealth v. Perzel**, 116 A.3d 670 (Pa.Super. 2015), *appeal granted*, 641 Pa. 174, 166 A.3d 1213 (2017).

On remand, based on **Veon**, this Court held that the $1,000,000.00 restitution constituted an illegal sentence because the Commonwealth was not a "victim" for purposes of Section 1106. **See Commonwealth v. Perzel**, 169 A.3d 1138 (Pa.Super. 2017) (unpublished memorandum). Without disturbing the convictions, this Court vacated Appellee's judgment of sentence and remanded for resentencing *in toto*, where vacating the restitution sentence might have disrupted the court's overall sentencing scheme. **Id.**

Prior to resentencing, the Commonwealth notified Appellee that it intended to rely on several different statutes to supports its renewed claim for restitution. The Commonwealth contended that restitution was proper under 43 P.S. § 1314(a) of the Public Employee Pension Forfeiture Act (stating that whenever any public official or public employee who is member of any pension system funded by moneys enters plea of guilty or *nolo contendere* to any

crime related to public office or public employment and which plea is accepted by court, court shall order defendant to make complete and full restitution to Commonwealth or political subdivision of any monetary loss incurred as result of criminal offense), and/or as a condition of probation pursuant to 42 Pa.C.S.A. § 9754(c)(8) (stating court may order as condition of probation that defendant make restitution of fruits of his crime or make reparations, in amount he can afford to pay, for loss of damage caused thereby),[3] and/or under 65 Pa.C.S.A. § 1109(c) of the Public Official and Employee Ethics Act (stating any person who commits crime of restricted activities and obtains financial gain from violating any provision of this chapter, in addition to any other penalty provided by law, shall pay sum of money equal to three times amount of financial gain resulting from such violation into State Treasury or treasury of political subdivision).

On May 30, 2018, the court resentenced Appellee to the same initial aggregate sentence of 2½ to 5 years' incarceration plus five years' probation, granted him time served and ordered that he pay $1,000,000.00 in restitution. In support of the restitution award, the trial court stated it was authorized to impose restitution to be paid to the Commonwealth under any of the above statutes on which the Commonwealth had relied.

On Monday, June 11, 2018, Appellee filed a timely post-sentence

_____

[3] Following amendments to the statute, Section 9754(c) was deleted by 2019, Dec. 18, P.L. 776, No. 115, § 4.

- 4 -

motion, which the court denied on June 28, 2018. Following another appeal, this Court held that the trial court had the authority to impose restitution pursuant to Section 1314(a) of the Pension Forfeiture Act, but it lacked authority to impose restitution under the other statutes cited by the Commonwealth. Notwithstanding the trial court's authority to impose restitution, this Court held that Appellee's additional challenge to the amount of restitution imposed ($1,000,000.00) had merit, where the trial court had failed to conduct a new hearing upon this Court's 2017 remand decision. This Court noted that a hearing was particularly necessary where the Commonwealth had asserted new legal authority for imposing restitution under different legal standards.

Thus, this Court vacated the judgment of sentence once again and remanded for a new hearing to determine the Commonwealth's loss that flowed from the charges to which Appellee pled guilty. This Court specified that upon remand, to be entitled to restitution, the Commonwealth would be required to introduce "non-speculative testimony" setting forth the factual basis for the amount sought; Appellee could then challenge the amount imposed. **See Commonwealth v. Perzel**, 209 A.3d 1074 (Pa.Super. 2019), *appeal denied*, 655 Pa. 70, 217 A.3d 206 (2019).

On September 2, 2020, the trial court conducted a resentencing hearing regarding restitution. At the hearing, the Commonwealth introduced a GCR Invoices and Payments, and House Republican Caucus balance sheet that

totaled $8,640,403.76.[4] (***See*** Commonwealth's Resentencing Exhibit 7, dated 9/2/20, at 19). The Commonwealth also introduced a 188-page grand jury presentment, the guilty plea agreement, the guilty plea transcript, the bill of information, the case docket, and the original criminal complaint. The Commonwealth did not call any witnesses or introduce any expert testimony at the time of the September 2, 2020 hearing.

On December 31, 2020, the trial court issued an opinion deciding that the Commonwealth did not prove its entitlement to restitution based on the specific charges to which Appellee pled guilty. Consequently, the court did not issue any order of restitution. The Commonwealth did not file a post-sentence motion. The Commonwealth timely filed a notice of appeal on Monday, February 1, 2021. On February 16, 2021, the court ordered the Commonwealth to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and the Commonwealth timely complied.

The Commonwealth raises the following issue for our review:

> Did the [trial] court err in denying requested mandatory restitution, the amount of which is established by the record?

(Commonwealth's Brief at 6).

The Commonwealth argues that Appellee admitted to causing a loss of $7.6 million dollars by entering into the guilty plea, and the court erred by

---

[4] GCR & Associates, Inc. was an entity that Appellee illegally paid to conduct campaign work and or other personal non-public purposes.

failing to order restitution in that amount. The Commonwealth maintains that it established the $7.6 million restitution amount when it presented evidence at the September 2, 2020 hearing consisting of the case docket, the original criminal complaint, the presentment returned by the grand jury, the criminal information, the written guilty plea agreement, the transcript of the guilty plea hearing, and a spreadsheet summarizing numerous relevant invoices. The Commonwealth insists that those exhibits support the Commonwealth's requested amount of restitution.

The Commonwealth further insists the court was required to impose restitution under the Public Employee Pension Forfeiture Act, and the court's failure to impose mandatory restitution implicates the legality of sentencing. To the extent its claim could implicate the discretionary aspects of sentencing, the Commonwealth avers that this Court's 2019 remand decision was limited to ordering a new restitution hearing and not for resentencing. Thus, the Commonwealth claims it was not required to file a post-sentence motion because the court did not resentence Appellee, and there was no new sentence to challenge in a post-sentence motion. The Commonwealth concludes that this Court must direct the trial court to award restitution to the Commonwealth in the amount of $7.6 million. We disagree.

Initially, we must decide whether the Commonwealth's issue implicates the legality of the sentence, as alleged by the Commonwealth, or the discretionary aspects of sentencing. A challenge to the legality of a sentence

raises a question of law. *Commonwealth v. Smith*, 956 A.2d 1029, 1033 (Pa.Super. 2008) (*en banc*). In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Childs*, 63 A.3d 323, 325 (Pa.Super. 2013). "An illegal sentence must be vacated…" *Commonwealth v. Ramos*, 197 A.3d 766, 769 (Pa.Super. 2018) (citation and quotation marks omitted). Moreover, assuming jurisdiction is proper, "a challenge to the legality of the sentence can never be waived and may be raised by this Court *sua sponte*." *Commonwealth v. Wolfe*, 106 A.3d 800, 801 (Pa.Super. 2014) (citation omitted).

In contrast, challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

"Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court

during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. Lamonda***, 52 A.3d 365, 371 (Pa.Super. 2012) (citing ***Commonwealth v. Shugars***, 895 A.2d 1270, 1273-74 (Pa.Super. 2006)). Where a post-sentence motion is granted and a new sentence is then imposed, a challenge to the discretionary aspects of the new sentence must be preserved either through a second post-sentence motion or at the time of the resentencing. ***See Commonwealth v. Levy***, 83 A.3d 457, 467 (Pa.Super. 2013) (holding failure to file post-sentence motion after resentencing waived defendant's challenge to discretionary aspects of sentence concerning second judgment of sentence).

In ***Commonwealth v. Weir***, ____ Pa. ____, 239 A.3d 25 (2020), our Supreme Court reiterated that "a challenge to the sentencing court's authority to order restitution raises a non-waivable legality of sentencing issue. A challenge to the manner in which the sentencing court exercises that authority in fashioning the restitution implicates the discretionary aspects of the sentence." ***Id.*** at ____, 239 A.3d at 37. Therefore, when an appellant claims that the trial court lacked statutory authority to impose restitution, it is a legality of sentencing issue. ***Id.*** Conversely, where an appellant "challenges only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth, it is a challenge to the discretionary aspects of sentencing." ***Id.*** at ____, 239 A.3d at 38.

Instantly, the Commonwealth's claim is that the court erred in

determining the proper amount of restitution, which the Commonwealth characterized as at least $7.6 million. Because the Commonwealth disputes "only the amount of the award based on the sentencing court's consideration of the evidence of loss presented by the Commonwealth," rather than the court's authority to impose restitution (which this Court previously decided the trial court was authorized to impose under 43 P.S. § 1314), it is a challenge to the discretionary aspects of Appellee's sentence.[5] **See Weir, supra**. Therefore, the Commonwealth was required to preserve its challenge in a timely filed post-sentence motion.[6] **See id.** As the Commonwealth failed to

_____

[5] We recognize this Court's decision in **Commonwealth v. Deweese**, No. 1811 MDA 2018 (Pa.Super. Apr. 28, 2020) (unpublished memorandum), in which this Court considered the Commonwealth's challenge to the trial court's failure to order restitution under 43 P.S. § 1314 as a challenge to the legality of sentencing. In **Deweese**, the trial court awarded no restitution due to its interpretation of the statute as prohibiting an order of restitution in addition to the forfeiture of pension benefits. In other words, the trial court believed it lacked statutory authority to impose restitution under Section 1314 where the defendant had already forfeited his pension. On appeal, the Commonwealth asserted the trial court's authority to impose restitution under the statute. The panel majority agreed with the Commonwealth, holding that Section 1314 authorized imposition of restitution in addition to the forfeiture of pension benefits. Thus, **Deweese** involved a challenge to the legality of sentencing because the trial court's authority to impose restitution under the statute was the relevant issue. In this case, however, the parties and the trial court agree that the court had authority to impose restitution under Section 1314. The relevant inquiry here is whether the Commonwealth proved its entitlement to restitution by presenting non-speculative testimony/evidence to support its claim. Consequently, this case is distinguishable from **Deweese**.

[6] The fact that restitution is "mandatory" under Section 1314 (**see Deweese, supra**) does not mean every challenge to the amount of restitution under that

_(Footnote Continued Next Page)_

file a timely post-sentence motion challenging the court's refusal to impose

restitution in the amount requested, the Commonwealth's issue on appeal is

waived.[7]  ***See Levy, supra***.  Accordingly, we affirm.

      Order affirmed.

---

statute implicates the legality of sentencing.  ***See, e.g., Weir, supra*** (acknowledging that restitution is "mandatory" under Section 1106(c) but that challenge to amount of restitution based on sentencing court's consideration of loss presented by Commonwealth is challenge to discretionary aspects of sentencing).

[7] In support of its assertion that it did not have to file post-sentence motions, the Commonwealth cites only one case, ***Interest of J.B.***, 630 Pa. 124, 106 A.3d 76 (2014).  (***See*** Commonwealth's Brief at 2).  ***J.B.*** involved a juvenile's failure to preserve a challenge to the weight of the evidence in a post-dispositional motion.  The Supreme Court explained that "the current Rules of Juvenile Court Procedure—which 'govern delinquency proceedings in all courts'—are utterly silent as to how a weight of the evidence claim must be presented to the juvenile court so that it may rule on the claim in the first instance, which is, … a necessary prerequisite for appellate review."  ***Id.*** at 160, 106 A.3d at 99 (internal footnote omitted).  Under the circumstances of that case, the Supreme Court declined to find waiver of the weight claim.

Here, the rules of criminal procedure and interpretive case law require the filing of post-sentence motions to preserve a challenge to the discretionary aspects of sentencing.  ***See*** Pa.R.Crim.P. 720; ***Lamonda, supra***.  As discussed, the Commonwealth's challenge to the amount of restitution implicates the discretionary aspects of sentencing.  Although the Commonwealth contends it was not required to file a post-sentence motion because the September 2, 2020 hearing did not constitute a "sentencing" hearing, we note that the court expressly referred to the proceeding as a sentencing hearing multiple times on the record, without objection from the Commonwealth.  (***See*** N.T. Hearing, 9/2/20, at 21).  Further, the record makes clear the court's initial restitution award was imposed as part of Appellee's direct sentence.  Likewise, any restitution the court would have imposed following the September 2, 2020 hearing would have been part of Appellee's sentence.  ***See, e.g., Commonwealth v. Boone***, 862 A.2d 639, 643 (Pa.Super. 2004) (explaining: "An order of restitution is a sentence…").  Thus, the Commonwealth's reliance on ***J.B.*** is misplaced.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/11/2022